IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01533-WYD-MJW

**THOMAS M. ALLEN,**

    Plaintiff,

v.

**DENVER POLICE OFFICER SERGEY GUREVICH,
ARAPAHOE COUNTY DEPUTY SHERIFF CHAD WALKER, Individually and
Severally, ARAPAHOE COUNTY SHERIFF J. GRAYSON ROBINSON, THE BOARD
OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE and
CITY AND COUNTY OF DENVER,**

    Defendants.

---

## STIPULATED PROTECTIVE ORDER
( Docket No. 31-2 )

---

    This matter is before the Court upon the Stipulated Motion for Entry of Protective Order submitted by the Parties pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the purpose of addressing the exchange and treatment of Confidential Information (as hereinafter defined) during the course of discovery and future proceedings in this action. The Court being advised in the premises and finding good cause therefore, the Parties' motion is granted and IT IS ORDEREED as follows:

    1.    It is contemplated that the Parties will seek and exchange Confidential Information (as defined in Paragraph 2) from and between each other in this action as part of their discovery efforts. The disclosure of such Confidential Information outside the context of this litigation and/or to unauthorized third persons would or could result in significant injury to a

party's personal privacy or business interests, or to the interests of third parties whose privacy or business interests would be revealed or impaired in the event of an unauthorized disclosure

2. "Confidential Information" means any document, record, file, portions of files, transcribed testimony including any extract, abstract, chart, summary, note, or copy made therefrom, and any recording, photograph, or other tangible thing that is confidential and implicates common law and/or constitutional or statutory privilege or privacy interests and has been designated by one of the Parties in this action as Confidential Information in the manner provided in Paragraph 3. Confidential Information in this action shall include, but not be limited to, the following:

   a. The Parties' and/or their representatives' or employers' employment and/or personnel files, including disciplinary records or reports;
   b. Law enforcement agency internal affairs investigation files and records;
   c. The Parties' medical records, including any mental health and hospital records;
   d. The Parties' individual tax and financial records;
   e. Transcribed deposition or other witness testimony or exhibits disclosing Confidential Information.

3. Where Confidential Information is produced, exchanged, provided or otherwise disclosed by a party in the course of this case, it will be designated in the following manner:

   a. By imprinting or stamping the word "Confidential" on the first page or cover of any document, record, or thing produced;
   b. By imprinting or stamping the word "Confidential" next to or above any response to a discovery request; or

2

    c.  With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten business days after receipt of the transcribed testimony.

4.  All Confidential Information provided by any of the Parties in response to a discovery request and/or any transcribed testimony shall be subject to the following restrictions:

    a.  It shall be used only in and for the purpose of this litigation and not for any other purpose whatsoever, be it personal, business or otherwise;

    b.  It shall not be communicated, transmitted, or disclosed by any Party or their counsel representative or agent, either directly or indirectly, to anyone except for purposes of litigating this case and unless an acknowledgment in the form of Exhibit "A" attached hereto has been signed.

5.  Individuals authorized to access or review Confidential Information pursuant to this Stipulated Protective Order including, but not limited to, the Parties and their undersigned counsel, support staff utilized by counsel, and consultants and witnesses, shall hold Confidential Information in confidence and shall not divulge the such information, either verbally, in writing, electronically, or otherwise, to any other person, entity or agency except as provided for in this Order, or as may otherwise be authorized by the Court. Third parties engaged by counsel or the Parties, and witnesses, must review and sign a copy of the Confidentiality Acknowledgment provided for in this Order prior to reviewing Confidential Information.

6.  Legal counsel for the Parties who disclose Confidential Information shall be responsible for assuring compliance with the terms of this Stipulated Protective Order and ensuring that persons to whom Confidential Information is disclosed shall be fully informed in

writing regarding the contents and limitations set forth in this Order, and shall maintain a list or other written record of all persons to whom any Confidential Information is disclosed. Counsel shall utilize the written form of Confidentiality Acknowledgment appended hereto as Exhibit "A" in implementing the provisions of this Paragraph 6. Notwithstanding the foregoing and their obligations to maintain the confidentiality of all Confidential Information identified under the terms of this Order, the Parties, their legal counsel and support staff, and stenographic reporters, need not execute a Confidentiality Acknowledgment as provided for herein.

7. During the pendency of this action, legal counsel for one party may upon agreement inspect the list or other record maintained by other counsel as required in Paragraph 6 upon a showing of substantial need so as to establish the source of an unauthorized disclosure of Confidential Information. In the event counsel are unable to agree upon the disclosure of the list or record, then the party seeking access to the list or record may apply to the Court for an appropriate order.

8 No copies of Confidential Information shall be made except by or on behalf of counsel for attorney work product purposes in litigating this case, including for review by experts or other witness, or for use as exhibits with respect to dispositive or other motions submitted in accordance with D.C.COLO.LCivR 7.2.. Any such copies shall be made and used solely for purposes of this litigation.

9. During pendency of this litigation, counsel shall retain custody of Confidential Information and copies made therefrom pursuant to paragraph 8 above.

10. A party may object to the designation of a particular document, record, file or other information or thing as Confidential Information by giving written notice to the party

designating the disputed information. The written notice shall specifically identify the information to which the objection is made. Written objections shall be made not less than thirty (30) days prior to the date of the dispositive motion deadline established in the Scheduling Order entered in this action. If the parties cannot resolve the objection within ten (10) business days after the time the notice of objection is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion with the Court at or before the expiration of such ten days to determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing the confidential nature of the disputed information and that good cause exists for the information to be treated as confidential.

11. In the event it is necessary for the Parties to file Confidential Information, or contested Confidential Information, with the Court in connection with any proceeding or motion, the information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2 and 7.3.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

*[handwritten margin note: "M Ave of this"]* pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of the Protective Order ~~after the action is terminated~~. *Until Termination of this Case.*

13. By stipulating to the entry of this Protective Order, the Parties adopt no position as to the relevancy, authenticity, or admissibility of documents or other information produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14. Upon conclusion of this litigation, including the time necessary to take and/or exhaust any appeals, any person in possession of Confidential Information under the terms of this Stipulated Protective Order shall timely return the information to the party or other source from which it was obtained; or, upon consent of the party or source from which the Confidential Information was obtained, certify by affidavit or other mutually acceptable writing to the information's complete destruction by shredding or other mutually acceptable method of permanent destruction. Notwithstanding the foregoing, legal counsel may retain a single set of all Confidential Information for a period not longer than three (3) years from the final conclusion of the litigation after which all retained Confidential Information shall be timely returned or destroyed as provided for in this paragraph.

15. Nothing in this Protective Order shall relieve any Party or counsel from their obligations under Fed.R.Civ.R. 26 (b) (5), or from filing a motion seeking further or different protection from the Court under Fed.R.Civ.P. 26 (c), or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 19th day of October, 2009.

**BY THE COURT:**

_/s/ Michael J. Watanabe_
United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**STIPULATED AND AGREED TO:**

**THOMAS BIGLER**
Assistant City Attorney

By: _s/Thomas Bigler_
Thomas Bigler
Denver City Attorney's Office
Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202-5332
Telephone: 720-865-8751
Facsimile: 720-913-3182
E-mail: dlefiling.litigation@denvergov.org
*Attorney for Denver Defendants*

**EDWARD M. CASWALL**
Assistant County Attorney
**BRENA N. MENG**
Assistant County Attorney

By: _s/Edward M. Caswall_
Edward M. Caswall
Assistant County Attorney
5334 S. Prince St.
Littleton, CO. 80166-0001
Telephone: 303-795-4539
Facsimile: 303-738-7836
E-mail: jcaswall@co.arapahoe.co.us
*Attorneys for Arapahoe County Sheriff's Office*

**BRIAN R. REYNOLDS, ESQ.**

By: _s/Brian R. Reynolds_
Brian R. Reynolds
Bruno, Colin, Jewell & Lowe, P.C.
1999 Broadway, Ste. 3100
Denver, CO. 80202
Telephone: 303-831-1099
Facsimile: 303-831-1088
E-mail: breynolds@bcjlpc.com
*Attorney for Defendant Gurevich in his individual capacity*

**DOUGLAS L. ROMERO, ESQ.**

By: _s/Douglas L. Romero_
Douglas L. Romero
The Law Offices of Douglas L. Romero, LLC
Colorado Christian Defense Counsel
200 S. Sheridan Blvd., Suite 150
Denver, Colorado 80226
Telephone: 303-934-7500
Facsimile: 303-934-0300
E-mail: dougromero@coloradochristiandefensecounsel.com
*Attorneys for Plaintiff*

7

**TIMOTHY D. EDSTROM, ESQ.**

By: *s/Timothy D. Edstrom*
Timothy D. Edstrom
The Law Offices of Douglas L. Romero, LLC
Colorado Christian Defense Counsel
200 S. Sheridan Blvd., Suite 150
Denver, Colorado 80226
Telephone: 303-934-7500
Facsimile: 303-934-0300
E-mail: timedstrom@hotmail.com
*Attorneys for Plaintiff*

8

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, acknowledge and state as follows:

1.  I have read the Stipulated Protective Order entered in the litigation in the United States District Court for the District of Colorado known as ***Thomas M. Allen v. Gurevich, et al.,*** Civil Action No. 09-cv-01533-WYD-MJW, a copy of which is attached to this acknowledgment.

2.  I have been informed by _____, Esq., counsel for _____, that some or all of the materials provided to me and described in the list attached to this acknowledgment are Confidential Information as defined in the Stipulated Protective Order and may not be disclosed or used except as permitted under the Order.

3.  I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device, or make copies of, any Confidential Information shown, told, or provided to me except as authorized in the Stipulated Protective Order. I also will not use the Confidential Information for any purpose other than the litigation identified above and shall promptly return it, or completely and permanently destroy it, when directed to do so by the Court or by legal counsel identified above.

4.  For the purpose of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

5.  I will abide by the terms of the Stipulated Protective Order.

Signature:_____
Print/Type Name:_____

Address:_____
_____

Telephone No.:(____)_____

**Exhibit "A"**