IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01533-WYD-MJW

THOMAS M. ALLEN,

     Plaintiff,

v.

DENVER POLICE OFFICER SERGEY GUREVICH;
ARAPAHOE COUNTY DEPUTY SHERIFF CHAD WALKER, Individually and Severally;
ARAPAHOE COUNTY SHERIFF J. GRAYSON ROBINSON;
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE;
and CITY AND COUNTY OF DENVER,

     Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Motion for Sanctions filed by Defendants

Denver Police Officer Sergey Gurevich and City and County of Denver (collectively

"Denver") on February 12, 2010.  This motion was referred to Magistrate Judge

Watanabe for a recommendation by Order of Reference of July 6, 2009, and

Memorandum of February 16, 2010.

On April 1, 2010, a Recommendation Regarding Defendants' Motion for Sanction

(Docket No. 50) [hereinafter "Recommendation"] was issued by Magistrate Judge

Watanabe.  It recommended that Denver's Motion for Sanctions be granted and that the

case be dismissed with prejudice as a sanction as to all claims against all Defendants.

(Recommendation at 16.)  The Recommendation also advised, pursuant to 28 U.S.C.

§ 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), that specific written objections were due

within fourteen (14) days after service of the recommendation and that a party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge as well as appellate review of both factual and legal questions. (*Id.* at 16-17.)

No objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation de novo since it recommends the severe sanction of dismissal of this case with prejudice against all the Defendants.

Having reviewed the Recommendation, I am satisfied that dismissal of this case is appropriate as a sanction. The Recommendation notes that the complaint sought compensatory damages for the foreclosure of Plaintiff's home due to his inability to be employed. (Recommendation at 2.) It then details how Plaintiff intentionally falsified in his Rule 26 disclosures a document entitled "Official State of Colorado Notice of Opportunity for Foreclosure Deferment Pursuant to Colorado Revised Statutes § 38038-805, C.R.S." (Deferment Notice") in support of his compensatory damage claim, knowing full well that he was never an owner of the home at issue. (*Id.* at 3.) The Recommendation also states that Plaintiff's deposition "demonstrates clearly that Plaintiff willfully, intentionally, and knowingly endorsed and served the falsified

Deferment Notice as evidentiary support for this damage claim seeking $319,000", that Plaintiff "admitted during his deposition that he gave the false Deferment Notice (exhibit A) to his attorneys to improve his position in this case", and that Plaintiff "repeatedly changed his explanation about how the Deferment Notice document was falsified." (*Id.* at 3-4.)

Magistrate Judge Watanabe then turns in the Recommendation to an analysis of the law regarding the ability to impose the sanction of dismissal with prejudice because of abusive litigation practices, and analyzes the appropriate factors for determining whether such a sanction is appropriate. (Recommendation at 13-14) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 2002)). Having reviewed the analysis in the Recommendation, I agree with Magistrate Judge Watanabe that dismissal of the case with prejudice is an appropriate sanction pursuant to the *Ehrenhaus* factors. Indeed, in light of the willful and knowing fraud perpetrated upon the Court and the Defendants regarding the basis of Plaintiff's compensatory damage claim, I fully agree and affirm that this case should be dismissed with prejudice as a sanction. Accordingly, it is

ORDERED that the "Recommendation Regarding Defendants' Motion for Sanctions (Docket No. 50)" (Docket No. 64 filed April 1, 2010) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's Motion for Sanctions (Docket No. 50 filed February 12, 2010) is **GRANTED**. Finally, it is

ORDERED that this case is **DISMISSED WITH PREJUDICE** as to all claims

against all Defendants as a sanction, with costs to be awarded to Defendants.

Dated:  May 14, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge